UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: KWOK,<br>*Debtors* | BANKR. NO. 22-50073 (JAM)<br>*Chapter 11* |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br>*Plaintiff*,<br>v.<br><br>WEDDLE LAW, PLLC,<br>*Defendant*. | ADV. PRO. NO. 24-5188 |
| WEDDLE LAW, PLLC,<br>*Appellant*,<br>v.<br><br>LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br>*Appellee*. | CIVIL NO. 3:25-CV-680 (KAD)<br><br>NOVEMBER 20, 2025 |

### MEMORANDUM OF DECISION RE: APPELLANT'S MOTION FOR LEAVE TO APPEAL (ECF NO. 2)

Kari A. Dooley, United States District Judge:

This appeal arises out of an adversary proceeding commenced in the United States Bankruptcy Court in the District of Connecticut by Chapter 11 Trustee Luc. A. Despins (the "Trustee"), appointed in the Chapter 11 case of Ho Wan Kwok (the "Debtor"), against Appellant Weddle Law, PLLC ("Weddle"). *Despins v. Weddle Law, PLLC*, No. 23-ap-5188 (hereinafter, the "Adversary Proceeding"). Weddle seeks leave to appeal the Bankruptcy Court's partial ruling on Weddle's Motion to Dismiss (the "MTD Order"). The MTD Order adjudicated the outstanding issues raised in Weddle's Motion to Dismiss that were not addressed by the Bankruptcy Court's Memorandum of Decision and Order dated March 4, 2025 (the "Omnibus MTD Order") (Adv.

Proc., ECF No. 53), which resolved four common issues raised by Weddle and dozens of other non-debtor entities similarly seeking dismissal of the Trustee's Complaints against them. *See* MTD Order, Adv. Proc., ECF No. 62. In short, the instant MTD Order finally resolved what remained of Weddle's Motion to Dismiss following the Omnibus MTD Order.

Weddle filed the instant Motion for Leave to Appeal on April 28, 2025. Weddle MLA, ECF No. 2. The Trustee opposes Weddle's Motion for Leave to Appeal. *See* Trustee Opp., ECF No. 19. Weddle filed a reply brief on July 3, 2025. Weddle Reply, ECF No. 22. For the reasons set forth below, Weddle's Motion for Leave to Appeal is **DENIED**.

**Facts and Procedural Background**

The parties' familiarity with the underlying bankruptcy proceedings is assumed. The Trustee has now filed hundreds of adversary proceedings seeking to avoid transfers nominally made by entities that are or were alter egos of, and beneficially owned by, the Debtor. All of the Complaints in these underlying adversary proceedings allege that the Debtor, through his alter ego shell companies, transferred property to various third-party entities, to include, as alleged in this case, Weddle, and that those transfers were either fraudulent transfers or unauthorized post-petition transfers. The Trustee seeks to claw back these transfers for the benefit of the Estate.

As relevant here, on February 13, 2024, the Trustee filed the instant Adversary Proceeding, alleging that Weddle received unauthorized post-petition transfers from the Debtor through his alter egos, HCHK Technologies, HCHK Property, and G Club Operations. On April 22, 2024, Weddle filed a Motion to Dismiss the Trustee's Complaint. *See* Weddle MTD, Adv. Proc., ECF No. 11. On March 4, 2025, the Bankruptcy Court issued the Omnibus MTD Order denying in part Weddle's Motion to Dismiss as it related to four common issues raised in that Motion and dozens of other motions to dismiss filed by other similarly situated non-debtor entities that received

transfers from the Debtor's alter egos. *See* Omnibus MTD Order, Adv. Proc., ECF No. 53. At the conclusion of the Omnibus MTD Order, the Bankruptcy Court instructed Weddle to file a joint statement in its respective adversary proceeding regarding any issues that remained to be determined with respect to its Motion to Dismiss.[1] *See id.* at pp. 51–52.

On March 28, 2025, the parties in the Adversary Proceeding filed their Joint Statement of Issues Remaining. *See* Statement, Adv. Proc., ECF No. 60. Therein, Weddle identified ten issues as remaining following the entry of the Omnibus MTD Order. *See id.* at 2–3. The Trustee agreed as to several of those issues but argued that the other issues identified by Weddle were either: (a) already resolved through the Omnibus MTD Order; (b) not raised in Weddle's Motion to Dismiss; or (c) otherwise improper. *See id.* at 4–5.

On April 14, 2025, the Bankruptcy Court issued the instant MTD Order.[2] First, the Bankruptcy Court determined that it had properly asserted personal jurisdiction insofar as the Bankruptcy Rules provide for nationwide service of process, and Weddle—a New York law firm—has sufficient minimal contacts with the United States. *See id.* at 3–4. Second, the Bankruptcy Court concluded that venue is proper in the District of Connecticut, notwithstanding that Weddle Law and the Trustee both have business addresses in New York. *See id.* at 4. Third, the Bankruptcy Court rejected Weddle's argument that the Trustee had failed to join necessary parties to the instant Adversary Proceeding, *i.e.*, the adjudged alter egos through which the Debtor allegedly made the subject transfers to Weddle. *Id.* Fourth, the Bankruptcy Court determined that

---

[1] On March 18, 2025, Weddle, along with the other non-debtor entities subject the Omnibus MTD Order, sought leave to appeal the Bankruptcy Court's decision. *See* Adv. Proc., ECF No. 54. On May 22, 2025, this Court denied the request for an interlocutory appeal of the Omnibus MTD Order. *See id.* at ECF No. 72.

[2] As a threshold matter, the MTD Order characterized the Statement as "non-compliant" and indicated that the Bankruptcy Court would not address or rule on any arguments not advanced in Weddle's Motion to Dismiss; any issues presently stayed; or the parties' arguments on law of the case. *See* MTD Order at 2–3. The MTD Order further denied consideration of an *amicus curiae* brief filed by the New York Council of Defense Lawyers, which Weddle had identified as one of the ten remaining issues. *See id.* at 3. These determinations are not the subject of the instant Motion for Leave to Appeal, and thus, have not been considered herein.

the Trustee's claims were not barred by the doctrines of judicial and/or equitable estoppel, because the Trustee's settlement with a separate party against whom he had claims does not estop him from bringing an action against Weddle. *Id.* at 5. Finally, the Bankruptcy Court rejected Weddle's contention that the Trustee's filing of a "schedule containing certain transfer information under seal" warrants dismissal of the Complaint. *Id.* The Bankruptcy Court further concluded that, in connection with its Motion to Dismiss, Weddle had "raised several frivolous arguments for dismissal that can only be intended to cause delay." *See id.* (citing Fed. R. Bankr. P. 9011).

On April 28, 2025, Weddle timely filed the instant Motion for Leave to Appeal.

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).[3] "The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003)). The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held[] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted.") (citation omitted). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

---

[3] The parties do not dispute that this case presents an appeal of an interlocutory order.

28 U.S.C. § 1292(b). Accordingly, appellants must establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. 3d at 558 (citation omitted); *see also In re Salvatore*, No. 3:18-CV-1429 (SRU), 2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied if the reversal of the bankruptcy court's order would (1) terminate the action; or (2) materially affect the outcome of the litigation. *See Osuji*, 285 F. Supp. 3d at 558 (citing *Buckskin Realty Inc. v. Greenberg*, 552 B.R. 40, 44 (E.D.N.Y. 2016)). "The question of law must be a pure question that does not require resort to the case docket for study." *In re Salvatore*, 2019 WL 1284815 at *2. The second inquiry is satisfied where there is either conflicting authority on the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*, 285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy court applied the correct legal standard . . . [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore*, 2019 WL 1284815 at *2. The third inquiry "is satisfied when the appeal promises to advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [Section] 1292(b) are met." *Buckskin Realty Inc.*, 552 B.R. at 44.

**Discussion**

Weddle contends that an interlocutory appeal is appropriate here because: (1) the case presents novel, controlling issues of law regarding the validity of Weddle's judicial and equitable estoppel defenses, and whether the relevant alter egos are necessary parties to the Adversary

5

Proceeding;[4] (2) that the foregoing novel issues provide a "genuine doubt" as to whether the MTD Order applied the correct legal standards; and (3) a decision in Weddle's favor would terminate the Adversary Proceeding, and permitting an interlocutory appeal would not otherwise complicate the Debtor's broader Chapter 11 proceeding.[5] In response, the Trustee argues that the estoppel and joinder issues raised by Weddle are not appropriate for interlocutory appeal, and that regardless, the Court should exercise its "unfettered discretion" to deny interlocutory review. The Court agrees with the Trustee that Weddle has not met the standard for interlocutory appeal.

Principally, Weddle fails to demonstrate that the issues it seeks to raise on appeal involve pure, controlling questions of law for which there are substantial grounds for a difference of opinion. The Court will address the purported estoppel and joinder issues in turn.

Estoppel

Weddle seeks to appeal the MTD Order to the extent that it rejected Weddle's judicial and equitable estoppel claims. Weddle argues that the instant appeal presents controlling, difficult questions of law as to whether the Trustee is judicially and/or equitably estopped from pursuing its claims against Weddle. The Court is not persuaded.

*Judicial Estoppel*

The doctrine of judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by that party in a prior legal proceeding." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 255 (2d Cir. 2020). "Judicial estoppel

---

[4] In light of the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025), Weddle has withdrawn the instant appeal as to the personal jurisdiction and venue arguments initially raised in Weddle's Motion to Dismiss, and rejected by the Bankruptcy Court in the MTD Order. *See* Weddle Reply at 2 n.2. As such, the Court does not address those arguments here.

[5] Weddle posits four "questions presented" for the Court on appeal. Though the Court has, as appropriate, considered these questions when evaluating whether to permit an interlocutory appeal, to avoid confusion, it has not specifically structured its findings herein accordingly.

is properly invoked where (1) a party's later position is clearly inconsistent with its earlier position, (2) the party's former position has been adopted in some way by the court in an earlier proceeding, and (3) the particular factual circumstances of a case tip the balance of equities in favor of judicially estopping a litigant." *In re Leissner*, No. 23-MC-1505 (MKB), 2025 WL 2044201, at *5 (E.D.N.Y. July 20, 2025) (cleaned up) (citations omitted).

Here, Weddle contends that as part of a settlement agreement in a prior adversary proceeding, to which it was not a party, the Trustee agreed that certain associated professional fees could be paid from the assets of the Debtor's alter egos, including HCHK Technologies, HCHK Property, and/or G Club Operations. According to Weddle, this position is inconsistent with the Trustee's claim in this Adversary Proceeding that those same alter egos' post-petition transfers of legal fees to Weddle are voidable. For its part, the Trustee calls Weddle's position "absurd" and "frivolous," and asserts that "there is nothing inconsistent about the Trustee paying certain fees subject to a court-approved settlement agreement while seeking to avoid fees paid to Weddle." Trustee Opp. at 8–9.

This is not a pure question of law and indeed, may well turn on the facts underlying the prior proceeding on which Weddle relies. Resolving this dispute would require the Court to examine the prior proceedings, to include the docketed materials as well as other record evidence in those proceedings. The Court would then be required to apply the legal principles of judicial estoppel against those prior proceedings and the instant Adversary Proceeding. Notably, the parties do not even agree as to the nature and import of those prior proceedings. Moreover, the purportedly contradictory positions taken by the Trustee occurred in vastly different contexts, thus requiring this Court to examine the underlying proceedings. *See, e.g.*, *United States v. Apple, Inc.*, 791 F.3d 290, 337 (2d Cir. 2015) (emphasizing "the need to carefully consider the contexts in

which apparently contradictory statements are made" when assessing judicial estoppel).  The first inquiry is therefore not satisfied and interlocutory review is not warranted.[6]

*Equitable Estoppel*

"The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Lynch v. Jud. Branch*, No. 3:15-CV-1379 (AVC), 2018 WL 11506202, at *5 (D. Conn. June 1, 2018) (citing *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 725 (2d Cir. 2001)).  "Under federal law, a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; 2) and the other party reasonably relies upon it; 3) to her detriment."  *Kosakow*, 274 F.3d at 725 (citation omitted). "Whether equitable estoppel applies in a given case is ultimately a question of fact."  *Id.* (citing *Bennett v. United States Lines, Inc.*, 64 F.3d 62, 65 (2d Cir. 1995)).

Weddle argues that the Trustee is equitably estopped from seeking avoidance of the post-petition transfers made to Weddle through the Debtor's alter egos, insofar as the Trustee did not include those alter egos as debtors, include their assets as estate assets, or seek joint administration of these entities, and that as such, Weddle was unaware whether the legal services it was providing to the alter egos "interfered with the bankruptcy proceeding, violated the bankruptcy stay, or related in any way to a debtor's funds."  *See* Weddle MLA at 10–11.  Essentially, Weddle avers that had it known that it was dealing with the Debtor's alter egos, it would have either ceased its business relationship with those entities or sought clarification from the Bankruptcy Court.  *See*

---

[6] Moreover, the Court is not convinced that Weddle has identified any *factual* inconsistencies in the Trustee's positions.  *See In re DeFlora Lake Dev. Assocs.*, Inc., 571 B.R. 587, 599–600 (Bankr. S.D.N.Y. 2017) ("Judicial estoppel applies to inconsistent factual positions, not alternative legal theories of the case.").  As such, nor has Weddle demonstrated that substantial grounds for a difference of opinion exist.  *See Osuji*, 285 F. Supp. 3d at 558.

*id.* Again, the Court is not persuaded that this fact intensive issue is properly raised by interlocutory appeal. Though Weddle claims it has "present[ed] important issues of law warranting interlocutory review," it has not identified any conflicting authority on these issues or set forth a cogent explanation as to why the issues it presents are particularly difficult. *Osuji*, 285 F. Supp. 3d at 558. Instead, Weddle essentially argues that the Bankruptcy Court's decision was incorrect, which is insufficient. *See In re Salvatore*, 2019 WL 1284815 at *2.

<u>Joinder</u>

Next, Weddle argues that interlocutory review is warranted on the issue of whether the Trustee should have joined the relevant alter ego entities to the Adversary Proceeding as "indispensable parties." Rule 19(a)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[7]

In denying Weddle's Motion to Dismiss, the Bankruptcy Court concluded that "if a transferor [*i.e.*, the relevant alter ego] no longer retains an interest in the transferred property [*i.e.*, the legal fees paid to Weddle], the transferor is not properly a defendant to a fraudulent transfer." MTD Order at 4 (citing *Bravia Cap. Hong Kong Ltd. v. SL Green Realty Corp.*, No. 24-CV-2296 (JGK), 2025 WL 552046, at *13 (S.D.N.Y. Feb. 18, 2025) ("the transferor of the property . . . is not the proper defendant in a fraudulent conveyance claim"), *reconsideration denied*, No. 24-CV-2296 (JGK), 2025 WL 950622 (S.D.N.Y. Mar. 28, 2025)). In seeking permission to appeal,

---

[7] Rule 19 is made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7019, which states that, absent certain exceptions not applicable here, "Fed. R. Civ. P. 19 applies in an adversary proceeding."

Weddle has once again failed to adequately demonstrate how or why the Bankruptcy Court's determination on this issue is incorrect under controlling law, or alternatively that there are substantial grounds for a difference of opinion. Indeed, in support of its argument, Weddle cites, without any explanation, two out-of-Circuit cases, and otherwise broadly (and unconvincingly) claims that the cases relied upon by the Bankruptcy Court are inapposite. *See* Weddle MLA at 14; Weddle Reply at 7. This is woefully insufficient. Additionally, as accurately observed by the Bankruptcy Court, to the extent that the subject Debtor-controlled entities have an interest in the ultimate determination of whether they are, in fact, alter egos of the Debtor, they can defend against such allegations in the separate and distinct adversary proceedings wherein the Trustee has sought (and as to HCHK Technologies and HCHK Property, has been awarded) such a determination. Accordingly, the purported joinder issue is not appropriate for interlocutory review.[8]

Finally, it is worth observing, as this Court has in the past, that Weddle may yet prevail on the merits in the Adversary Proceeding, rendering an appeal of the MTD Order and the issues discussed herein wholly unnecessary.

**Conclusion**

For the foregoing reasons, Weddle's Motion for Leave to Appeal is **DENIED**. The Clerk of Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of November 2025.

                                                */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE

---

[8] Because the Court has determined that Weddle has fundamentally failed to establish that the MTD Order involves a controlling question of law as to which there is substantial ground for difference of opinion, the Court need not determine whether an immediate appeal from the MTD Order would materially advance the ultimate termination of the Adversary Proceeding, or whether the Court should exercise its "unfettered discretion" to deny certification for any additional reason(s), "including docket congestion and the system-wide costs and benefits of allowing the appeal." *In re Facebook*, 986 F. Supp. 2d at 530 (internal quotation marks omitted).